UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAMERON J. ELLIS,<br><br>                   Petitioner,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>                   Respondent. | Case No. C18-1537-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

      Petitioner Cameron Ellis is currently in the custody of the Washington Department of Corrections. He has submitted to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2018 King County Superior Court judgment. Petitioner asserts four grounds for relief in his petition, including claims that the evidence was insufficient to prove the charges against him, that he was denied effective assistance of counsel, and that the prosecutor engaged in misconduct. However, petitioner indicates in his petition that he did not appeal his judgement to the state courts, nor did he seek any form of post-conviction relief in the state courts.

REPORT AND RECOMMENDATION
PAGE - 1

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it appears clear from the face of the petition that petitioner has not properly exhausted any of his claims for relief in the state courts, his petition is not eligible for federal habeas review.

Accordingly, this Court recommends that petitioner's petition for writ of habeas corpus, and this action, be dismissed without prejudice for failure to exhaust state court remedies. This Court further recommends that petitioner's application to proceed with this action *in forma pauperis*, and his motion to appeal his judgment, be denied as moot.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

REPORT AND RECOMMENDATION
PAGE - 2

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than February 7, 2019.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 8, 2019.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 16th day of January, 2019.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge